## Moyer v. Miller

*Thomas A. Swope, Jr.*, for plaintiff.
*Edward F. Peduzzi*, for defendant.

McWILLIAMS, J., January 27, 1967.—The Borough of Cresson and the Cresson School District respectively enacted ordinances and resolutions annually from 1956 to the present, under the authority of The

Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851, each levying a tax of one half of one percent, for general borough and school district purposes, on all compensation earned on and after April 1, 1956, by residents, and on the net profits earned on and after April 1, 1956, of business, professions and other activities conducted by residents.

Defendant, Alvin Miller, is a resident of Cresson Borough and has been such resident for a number of years. He is employed by the Pennsylvania Railroad and, in addition, he owns and operates certain business activities, including a combined grocery store, gasoline station and a car wash.

During the years in question in this case, from 1958 through 1965, defendant received certain annual wages from his employment with the Pennsylvania Railroad. However, during those years, he has incurred a loss each year in his business activities.

Defendant, on his tax returns to the Borough and School District for the years 1958 through 1965, has deducted from the wages he has earned the losses he has incurred in the operation of his various business activities and has paid the income tax to the two taxing bodies based on the balance thus obtained.

Plaintiff, special tax collector for the school district and the borough, contends that the provisions of the income tax ordinance and resolution, the tax on compensation earned and the tax on net profits from business activities are mutually exclusive, and that defendant is, therefore, required to pay the tax on the total wages he receives from the railroad, and that, since his business activities have resulted in a loss, no tax is due thereon, but that such loss cannot be deducted from the wages to form the basis for computing the tax.

Plaintiff thereupon brought the present action to recover from defendant the difference between the

alleged tax due, based solely on defendant's wages, and the amount of the tax actually paid by defendant which was based on defendant's wages, from which was deducted the net loss resulting from his business activities.

Defendant filed an answer to the complaint, denying that he owed additional taxes during the period 1958 through 1965, that he paid his income tax to the borough and school district on the basis of his Federal income tax returns and that the local tax is due only on the net income defendant receives from his employment and his business activities.

The basic questions raised by this proceeding are three:

1. Is defendant permitted to offset a loss on net profits of his business as against his income from wages?

2. Are the deductions claimed by defendant allowable?

3. Does the six-year statute of limitations on assumpsit actions apply?

The Act of June 25, 1947, P. L. 1145, as amended, among other things, authorizes the levy of tax upon wages, salaries, commissions, *and* other earned income. The act itself in its limitation clause of 1 percent bulks together " . . . wages, salaries, commissions, and other earned income". See 53 PS §6851E-(c). It is quite obvious that other earned income referred to under the above section would include net profits from a business. All the aforementioned wages, salaries, commissions, as well as net profits from a business, are sources of *earned income.*

It is quite evident from the reading of the act that the tax to be paid contemplates the sum total of all component parts of *earned income.* Act 481 of June 25, 1947, as amended, has very frequently been referred to as an earned income tax act. See Harbor-

creek Township Taxpayers' Petition, 87 D. & C. 249, 36 Erie 230 (1954); also, Appeal from Earned Income Tax Levy by Seward Independent School District of Westmoreland County, Pa., 36 Westmoreland 123 (1954).

Unquestionably, it was the manifest intent of the legislature to lump all earned income and provide for one tax from all earned income sources. Thus, defendant would be permitted to offset earned income loss on net profits of a business against his earned income wages. This makes a great deal of sense, not only because it is consistent with Internal Revenue procedures, but also because existent income is determined by his overall earned income picture. There should be no tax on nonexistent income.

Plaintiff's contention of making exclusive each integral part of a person's earned income which would permit taking nonexistent income reminds us of the advocate who suggested killing the goose that lays the golden eggs, thus believing that all the eggs will be obtained at one time (even though it is apparent that you would destroy the producer from future production). The taxpayer is the producer of the community's revenue. He produces revenue in many ways. The taxpayer contributes to the community by his endeavors, by business initiative, and thus, if he improves a business building by improvement, there will be an attendant increase of value to the community and revenue to the community through increased property taxes, et cetera. If, seemingly, there is advantage to the taxpayer in permitting deductions for building improvement, is there not benefit to the community by increased revenue from increased property taxes? His efforts in business can benefit the community as well as his efforts as a laborer for wages in the community. We should not penalize the energetic and enterprising taxpayer. The taxpayer can stand a little

encouragement, particularly in a nation of private enterprises. The phrase: "The power to tax is the power to destroy", is a well-echoed warning in the halls of justice. In the instant case, the joint and aggregate enterprises of the individual are the source and measure of his earned income. This the State Legislature recognized. This is recognized in the procedures under the Internal Revenue Code. This has long been recognized by practice by local governmental bodies under Act 481, as amended, and, as pointed out by defendant's counsel, even plaintiff's form of return showing one tax on all embraced earned income negatives plaintiff's present position.

It is well settled law that, as to State statutes pertaining to tax provisions, they will be strictly construed: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58(3); 46 PS §558. The authority of the municipality is derived from Act 481, as amended. It can rise no higher; nor can it be expanded to any greater degree. The ordinance is a child of the parent State statute, and the child cannot disown the parent. The State statute is clear; it is a tax upon the joint and aggregate endeavors of the individual, and it is not mutually exclusive, as the act uses the embracive word *"and"*. See 53 PS §6851E(c) ". . . wages, salaries, commissions, *and* other earned income. . . ."

No matter what the intent of the municipality may be, the intent of the State statute that gives breath to the ordinance must govern. Thus, we determine that defendant is permitted to offset a loss from one source against a gain from another to get the total picture for the one tax owed, if any, by him. Under the terms of enabling act 481, as amended, we would, therefore, find that the taxes imposed on wages and on net profits from business activities, under the terms of the statute, are not mutually exclusive, so that defendant is within his right to deduct from his total annual wages

received from his employment the proper net annual loss he has sustained from the operation of his various business activities, and to pay the tax, if any, based on the balance thus obtained.

We must further disagree with plaintiff's contention of "mutual exclusiveness", even as to the instant ordinance and its draft. We would hold that the ordinance itself recognized the one tax upon all joint and aggregate endeavors of the taxpayer allowing for proper deductions. As was stated in Rose Township v. Hollobaugh, 179 Pa. Superior Ct. 284 (1955), 116 A. 2d 322, the "tax anything" act authorizing the township to impose taxes must be strictly construed against the township. And, as was stated in Quaid v. Philadelphia Tax Review Board, 188 Pa. Superior Ct. 623: "[In the event of] reasonable doubt tax statutes . . . must be strictly construed in favor of the taxpayer and most strongly against the taxing authority".

An examination of the instant taxing ordinance and resolution clearly reveals that the taxes imposed were not considered separate and distinct. These taxes were grouped under one section of the enactment in lettered sub-paragraphs, and were imposed in that manner so that the tax would be imposed on persons whose sole income is derived from wages, and on persons whose income is derived from proceeds of his business activities, and to cover residents and non-residents. If the taxes imposed on these various sources of income were to be considered separate and distinct, the tax ordinance and resolution would have so specified.

Further, a look at the instant ordinance involved shows, under section 4, that one single tax is referred to. "Every person whose earnings or profits are subject to the *tax*" (not taxes). Also, as stated later in said paragraph: "The aggregate amount of compensation or net profits earned", (note use of the word aggregate) and, still further, "The amount of tax

(not taxes) on salaries, wages, commissions *and* other compensation or net profits paid", and, even further in said paragraph, "The amount of *tax* [not taxes] shown thereon less any credits or deductions allowed pursuant to Section 5 of the Act of Assembly". (Italics supplied).

After careful consideration, we would find that the tax imposed on wages and on net profits from business activities under the terms of the ordinance and resolution are not mutually exclusive, so that defendant is within his rights to deduct from his total annual wages received from his employment the proper net annual losses he has sustained from the operation of his various business activities, and to pay the tax based on the balance thus obtained.

This brings us to the second question as to whether the deductions claimed by defendant are allowable. Plaintiff, under paragraph 19 of his complaint, has raised an issue of fact when he has stated:

"19. The aforesaid loss of $11,073.56 is an improper and unsubstantiated deduction and is not allowable to the defendant".

Although we do not have the specific items of deductions being questioned, and thus are unable to state as a matter of law if a valid objection can be raised as to these deductions, a basic issue of fact has been raised. We recognize the complaint is very general in this regard and perhaps should have been more specifically pled. We have no allegation that plaintiff used the remedy as provided in the ordinance to question the deductions by inspection of defendant's books, et cetera, and perhaps an inspection of defendant's books would have revealed that the deductions were quite proper, or perhaps said books have been inspected and plaintiff is satisfied as to the impropriety of same.

Section 1(f) of the ordinance is pertinent to this allegation, although proper deductions are not specifi-

cally defined, except as covered under ordinance, section 1 (f), which states as follows:

"The term 'net profits' shall mean the net gain from the operation of a business, profession, or enterprise, after deduction for all costs and expenses incurred in the conduct thereof, either paid or accrued in accordance with the accounting system used, and without deduction of taxes based on income".

If defendant used the amount of Federal income tax paid by him as a deduction, this, of course, by the ordinance is prohibited. We cannot conjecture further in this regard, as this is an issue of fact that has been raised, and the question of whether defendant's deductions are proper when raised by the complaint, as was done in plaintiff's paragraph 19, would negative the court's sustaining judgment on the pleadings and, thus, the court cannot sustain defendant's motion for judgment on the pleadings.

As to the third question raised on whether the six year statute of limitation applies, we would state that the six year limitation on assumpsit actions is well settled. This, however, is a defense that has been affirmatively pleaded, and if, upon trial, it is shown that redress for a period beyond the six year period of limitations is sought, this can be dealt with by the proper motions and rulings at the time.

Therefore, since an issue of fact has been raised as to whether the deductions claimed by defendant are proper, we cannot sustain defendant's motion for judgment on the pleadings.

Therefore, in accordance therewith, we make the following

ORDER

Defendant's motion for judgment on the pleadings is overruled and denied, and case to proceed sec. leg.